**Carlos Javier PADILLA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–73675.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James B. Nelson, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Carlos Javier Padilla, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Padilla failed to establish eligibility for asylum and withholding of removal, because he did not show that he was or would be persecuted in El Salvador on account of a protected ground. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170–72 (9th Cir.2005). The continued safety of Padilla's family members who remain in El Salvador further supports the IJ's conclusion. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 743 (9th Cir.2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear."). Accordingly, his asylum and withholding of removal claims fail.

Irrespective of the IJ's citation to *In re J–E–,* 23 I & N Dec. 291 (BIA 2002), we deny the petition as to Padilla's CAT claim because the record does not compel the conclusion that it is more likely than not he will be tortured if he returned to El Salvador. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

